# KELLER ROHRBACK L.L.P.

LAURIE B. ASHTON AZ, CO**
JERALD BIEN-WILLNER AZ, CA
IAN S. BIRK WA
KENNETH A. BLOCH WA
KAREN E. BOXX WA**
GRETCHEN FREEMAN CAPPIO WA
ALISON CHASE AZ, CA
JEFF N. COMSTOCK WA
T. DAVID COPLEY AZ, NY, WA
FELICIA J. CRAICK WA
ROB J. CRICHTON NY, WA
ADELE DANIEL WA
ERIKA M. EMERSON WA
MAUREEN M. FALECKI WA
JULI FARRIS CA, WA
RAYMOND J. FARROW WA
ERIC J. FIERRO AZ
WILLIAM L. FLEMING WA
ALISON S. GAFFNEY WA

GLEN P. GARRISON ID, WA
LAURA R. GERBER WA
MATTHEW M. GEREND WA
MAX GOINS WA
GARY A. GOTTO AZ, MT
BENJAMIN GOULD CA, WA
CHRISTOPHER GRAVER AZ
MARK A. GRIFFIN AZ, WA
IRENE M. HECHT WA
GARRETT HEILMAN IL, WA
SCOTT C. HENDERSON WA
DEAN N. KAWAMOTO CA, DC, WA
RON KILGARD AZ, DC, NY
DAVID J. KO WA
TANYA KORKHOV NY
ERIC R. LALIBERTE WA
BENJAMIN J. LANTZ WA
LUKE M. LARIVIERE WA
CARI CAMPEN LAUFENBERG WA

ELIZABETH A. LELAND WA
JEFFREY LEWIS CA
TANA LIN DC, IL, MI, WA
DEREK W. LOESER NY, WA
EMMA J. LUTON WA
HOLLY E. LYNCH WA
RYAN MCDEVITT WA
DANIEL MENSHER OR, WA
RACHEL MOROWITZ CA, DC, WA
NATHAN L. NANFELT WA
GRETCHEN S. OBRIST WA
ROBERT S. OVER MD, WA
DUDLEY B. PANCHOT WA**
DAVID S. PREMINGER NY
MATTHEW J. PREUSCH CA, OR
CHANELE REYES AZ, WA
ERIN M. RILEY WA, WI
STEVEN N. ROSS WA**
DAVID J. RUSSELL WA

MARK D. SAMSON AZ, DC
LYNN LINCOLN SARKO AZ, DC, WA, WI
WILLIAM C. SMART WA
CHRISTOPHER L. SPRINGER CA
THOMAS A. STERKEN WA
PAUL A. TONELLA WA
BETH M. STROSKY WA
KARIN B. SWOPE WA
HAVILA C. UNREIN CA, MT, WA**
GABE E. VERDUGO WA
AMY WILLIAMS-DERRY MA, WA
MICHAEL WOERNER WA
BENSON D. WONG WA
EDWIN G. WOODWARD WA**

** OF COUNSEL

October 4, 2019

**VIA ECF**

Hon. Alison J. Nathan
United States Court House
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

      Re:    *Soto v. Disney Severance Pay Plan, et al.*
               1:19-cv-04048-AJN

Dear Judge Nathan:

      The parties write this joint letter pursuant to Your Honor's May 8, 2019, Notice of Initial Pretrial Conference (Dkt. No. 5).

      1.      PLAINTIFF'S STATEMENT OF THE NATURE OF THIS ACTION[1] – This is an action pursuant to ERISA. Plaintiff is a former employee of Defendant The Walt Disney Company ("Disney") who was terminated after becoming disabled. Eligibility for benefits from the Defendant Disney Severance Pay Plan ("Plan") is conditioned on an involuntary layoff that was not for cause.[2] However, benefits were denied on the asserted ground that the layoff had to be more than a simple termination, e.g. it had to be due to a job elimination or a relocation. Plaintiff's first claim for relief contends that the Plan's unambiguous language says no such thing and thus benefits must be paid.

      The Plan also denied benefits because Plaintiff was not informed in writing, as per the Plan, that she is a Plan participant and that her termination was a layoff. Plaintiff contends that such a notice was not provided solely because benefits had otherwise been denied. If Defendants had correctly construed the term layoff, the notice could not have been withheld. In the

---

[1] Plaintiff herein provides a synopsis of her case. It is not intended to be exhaustive and does not set forth all her legal arguments.
[2] Defendants have not asserted the layoff was for cause and may not do so now.

alternative, if Defendants contend that benefits may be denied even if this Court determines that Plaintiff incurred a layoff within the meaning of the Plan, just because she has not been notified she is a participant, it is Plaintiff's position that such a rule contravenes ERISA.

Plaintiff has asserted three additional claims concerning the denial of benefits: (1) inter alia that the Plan must be read in accord with Plaintiff's (i.e. a participant's) reasonable expectations and pursuant to certain ERISA requirements and that a denial of benefits cannot be based on Disney's whim; (2) that if Defendants' interpretation of the Plan is permissible, then the Committee and its Members breached their fiduciary duty to operate the Plan in accordance with ERISA rather than in accordance with the Plan's illegal terms; and (3) that Defendants failed to provide Plaintiff with accurate information concerning the Plan's terms which breached their fiduciary duties.

Plaintiff's fifth claim for relief asserts that certain plan provisions are improper and the plan must be reformed to rectify this problem. One such provision provides Defendants with unbridled discretion to interpret the Plan's terms regardless of the Plan's text and another sets forth a definition of the term "Participant" that is contrary to ERISA's definition of that term.

Plaintiff's sixth claim for relief seeks penalties for the Plan Administrator's failure to provide documents she had requested.

## DEFENDANTS' PRINCIPAL DEFENSES

To be eligible for severance benefits under the Plan, an individual must be "specifically informed in writing" and must have a termination of employment that is a "Layoff." The parties agree that Plaintiff was never informed in writing that she was eligible to receive severance benefits. It is not unusual for, and nothing in ERISA prohibits, an employer to retain discretion to designate individuals who are eligible to receive severance benefits. Disney's severance plan provides this discretion, and Disney did not notify Plaintiff that she was eligible for severance benefits. In addition, the plan administrator determined that Plaintiff did not satisfy a separate condition to be eligible for benefits because she did not incur a "Layoff." The term "Layoff" in the Plan does not cover a termination when an employee is no longer able to work due to a disability, given that the Plan is a severance plan and disability benefits are provided separately under a long-term disability plan. This interpretation is reasonable, and, as a matter of law, a court must defer to the plan administrator's reasonable interpretation of the Plan.

Because Plaintiff does not qualify for the Plan, she lacks standing to bring any claims under ERISA. In any event, Plaintiff's remaining claims are insufficiently pleaded and should be dismissed.

Hon. Alison J. Nathan  **KELLER ROHRBACK L.L.P.**
October 4, 2019
Page 3

2.     JURISDICTION AND VENUE

Federal jurisdiction over ERISA actions is provided by 29 U.S.C. § 1132(e)(1). Venue is proper in this district in that at least one Defendant may be found here. 29 U.S.C. § 1132(e)(2).

3.     OUTSTANDING MOTIONS AND OUTSTANDING REQUESTS TO FILE MOTIONS

On October 7, 2019, Defendants will have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) addressed to the amended complaint. The motion will be fully briefed by November 20, 2019.

In addition, the parties dispute whether discovery should proceed before Defendants' motion to dismiss is decided. This dispute is addressed more fully in the accompanying proposed case management plan.

4.     DISCOVERY THAT HAS TAKEN PLACE AND/OR WILL BE NECESSARY TO ENGAGE IN MEANINGFUL SETTLEMENT NEGOTIATIONS

No discovery has yet taken place and, as stated above, the parties dispute whether discovery should be stayed pending resolution of Defendants' motion to dismiss.

For settlement purposes, Plaintiff needs discovery as to the precise amount of benefits to which Plaintiff would be entitled if she prevailed and how that amount is calculated. Plaintiff also needs any insurance policy which provides coverage for any of the claims asserted in the amended complaint.

5.     PRIOR SETTLEMENT DISCUSSIONS

On August 14, 2019, counsel for the parties had a brief (about ten minutes) telephone conference to discuss settlement. No agreement was reached.

6.     ESTIMATED LENGTH OF TRIAL

The parties expect that a trial could be completed within 5 days.

Hon. Alison J. Nathan    **KELLER ROHRBACK L.L.P.**
October 4, 2019
Page 4

7. OTHER INFORMATION THE PARTIES BELIEVE MAY ASSIST THE COURT IN RESOLVING THE ACTION

The parties have no further information to report at this time.

Enclosed is the parties Proposed Civil Management Plan and Scheduling Order.

Respectfully submitted,

*s/ David S. Preminger*

David S. Preminger
Keller Rohrback L.L.P.
1140 Avenue of the Americas
New York, NY 10036
(212) 380-6690
dpreminger@kellerrohrback.com

***Attorney for Plaintiff Nancy J. Soto***

*s/ Shailee Diwanji Sharma*

Shailee Diwanji Sharma
Andrew A. Ruffino
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
ssharma@cov.com

***Attorney for Defendants Disney Severance Pay Plan, Investment and Administrative Committee of The Walt Disney Company Sponsored Qualified Benefit Plans and Key Employees Deferred Compensation and Retirement Plan, and The Walt Disney Company***